**Yimin PAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73708.

Agency No. A77–157–566.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas V. Massucci, Law Office of Thomas V. Massucci, New York, NY, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Seattle, WA, John D. Williams, Esq., Audrey B. Hemesath, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Yimin Pan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review in part and deny it in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pan's regulatory challenge to the BIA's streamlining of his case is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003).

■ The IJ made an adverse credibility finding against Pan that is supported by substantial evidence. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Pan's contention that his brother-in-law should not have been called by the IJ to testify is unavailing. *See Fisher v. INS*, 79 F.3d 955, 965 (9th Cir.1996) (en banc) ("[I]n deportation proceedings, the test for admissibility is whether the hearsay statement is probative and whether its admission is fundamentally fair." (quotation marks and citation omitted)). The inconsistent dates provided by Pan and his brother-in-law are sufficient to support the adverse credibility determination, because they go to the heart of Pan's claim that he fled family planning authorities. *See De Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997); *see also Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

■ Substantial evidence does not, however, support the IJ's finding that Pan's application was frivolous. "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 208.20. As recognized by the IJ himself, where Pan resides in the United States is not material to his application. In addition, the record does not establish that Pan deliberately "made false statements regarding the incident in 1999."

By failing to qualify for asylum, Pan necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Pan is not entitled to CAT relief because he did not demonstrate that it is more

likely than not that he would be tortured if returned to China. *See* 8 C.F.R. § 208.16(c); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pan's petition for review is therefore denied with respect to his eligibility for asylum, withholding of removal, and CAT relief, but granted as to the finding that his asylum application was frivolous.

**PETITION FOR REVIEW GRANTED in part and DENIED in part.**